The defendant appeals from the denial of his motion for new trial without an evidentiary hearing.[2] "A decision whether to allow a new trial 'is addressed to the sound discretion of the [motion] judge.' " Commonwealth v. Cadet, 473 Mass. 173, 179 (2015), quoting from Commonwealth v. Perkins, 450 Mass. 834, 845 (2008). For the reasons articulated by the motion judge in his well-reasoned and detailed decision, we affirm.
The pro se defendant raises numerous arguments that can be organized into four groups. First, he argues three errors in the conduct of the trial: (1) supposed error in allowing the daughter's friend to testify as the first complaint witness, (2) supposed error in admitting evidence of uncharged conduct involving the daughter's friend, and (3) supposed error in the jury instructions. Second, the defendant argues that trial counsel was ineffective because (1) he failed to object to the first complaint testimony, (2) he failed to renew his request for a voir dire of the first complaint witness, (3) he failed to object to the admission of uncharged conduct, and (4) he failed to investigate or call two potential witnesses. Third, he argues that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on direct appeal. Fourth, he contends that cumulative error requires reversal. Because many of the defendant's arguments are intertwined, we discuss them according to their underlying subject matter instead of the order in which he has presented them.
First complaint. We review the trial judge's decision to allow the daughter's friend to testify as the first complaint witness for an abuse of discretion, see Commonwealth v. Aviles, 461 Mass. 60, 72-73 (2011) ; Commonwealth v. Lawton, 82 Mass. App. Ct. 528, 536 (2012), and see none. It is true, as the defendant points out, that the daughter and the friend had differing recollections of whether the friend was alone with the daughter when the daughter made her first complaint. The daughter recalled that she made her initial disclosure to the friend alone as they were on their way to talk to two school officials. The friend recalled that the disclosure occurred slightly later when those school officials were present. The disagreement is of no consequence for purposes of determining whether the trial judge abused her discretion in allowing the friend to testify as the designated first complaint witness; under either scenario the friend was present at the first disclosure of the abuse. The defendant provides no authority for the proposition that a voir dire is required before the undisputed first recipient of a victim's complaint is permitted to testify. Moreover, the defendant has not shown any particular prejudice from the absence of a voir dire beyond that inherent in any first complaint testimony.
Uncharged conduct. The defendant argues that evidence of uncharged bad conduct involving the daughter's friend should not have been admitted. Specifically, he contends the first complaint witness should not have been permitted to testify that the defendant engaged in similar acts with her, including soliciting nude photographs via electronic communications and requesting that she engage in sex, as he had with his daughter and the other victim. The scope of a first complaint witness's testimony is a decision that rests within the sound discretion of the trial judge. See Commonwealth v. Aviles, 461 Mass. at 73 ("The judge who is evaluating the facts of a particular case is in the best position to determine the scope of admissible evidence, keeping in mind the underlying goals of the first complaint doctrine, our established first complaint jurisprudence, and our guidelines for admitting or excluding relevant evidence"). See also Commonwealth v. Fallon, 423 Mass. 92, 97 (1996). Likewise, we review the admission of prior bad act evidence for abuse of discretion, Commonwealth v. Helfant, 398 Mass. 214, 224-225 (1986), and do not overturn a trial judge's decision absent "a clear error of judgment in weighing" the relevant factors. L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (quotation omitted).
Even were we to assume that testimony of uncharged bad conduct should not have been admitted (a matter we do not decide), the defendant has failed to demonstrate that its admission resulted in a substantial risk of a miscarriage of justice. Nothing in the record the defendant put before us shows that the jurors disregarded the trial judge's careful instruction limiting the use of the evidence to pattern of operation, intent, or motive to commit the crimes charged in the indictments, or to the state of mind of the defendant.[3] The judge emphasized that the jurors could not consider the evidence for any other purpose, and the defendant has not shown or suggested that the jurors did not heed that instruction.
Instructions. The defendant argues that the judge's instruction limiting the jury's use of the prior bad act evidence was confusing and imperfect. Whatever else might be said of this argument, it fails for lack of record support. The defendant has not included a copy of the entire charge to the jury; indeed, he has included only two isolated pages. See Commonwealth v. Owens, 414 Mass. 595, 607 (1993) ("Jury instructions must be construed as a whole to prevent isolated misstatements or omissions from constituting reversible error"); Commonwealth v. Walker, 466 Mass. 268, 284 (2013), quoting from Commonwealth v. Batchelder, 407 Mass. 752, 759 (1990) ("When evaluating jury instructions, 'we consider the charge in its entirety, to determine the probable impact, appraised realistically ... upon the jury's factfinding function' ").
Ineffective assistance of counsel. The defendant's first three claims of ineffective assistance (counsel failed to object to the first complaint testimony, failed to renew his request for a voir dire of the first complaint witness, and failed to object to the admission of uncharged bad conduct) fail for the reasons we have set out above. His final claim is that trial counsel failed to investigate and call the two school officials who were present at the daughter's first disclosure of the abuse. To begin with, we note that the defendant's motion was accompanied by neither an affidavit of trial counsel, nor by affidavits from the two witnesses. See Mass.R.Crim.P. 30, as appearing in 435 Mass. 1501 (2001). There is nothing in the record to suggest that the witnesses had anything favorable to add to the defense. Indeed, to the contrary, the record suggests that as the recipients of the daughter's revelation of abuse, their testimony would have been inculpatory rather than exculpatory. Moreover, the defendant has not explained how the two school officials' testimony would have been admissible; indeed, on this record, it appears that their testimony would have constituted impermissible multiple complaint testimony. See Commonwealth v. King, 445 Mass. 217, 218-219 (2005).
Deciding as we do, it follows that the defendant's arguments of cumulative error and ineffectiveness of appellate counsel also fail.
Order denying motion for new trial affirmed.

The defendant's convictions were previously affirmed by this court. See Commonwealth v. Duffy, 82 Mass. App. Ct. 1110 (2012).

The defendant has provided only selected portions of the trial transcript, including a portion of what appear to be the judge's final instructions. That portion indicates that the evidence about which the defendant complains in this appeal was admitted subject to additional limiting instructions at the time of its admission.